Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000474
05-APR-2018
09:43 AM

NO. CAAP-16-0000474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellee,
v.
STATE OF HAWAI'I, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 12-1-0007(3)) (CR. NO. 07-1-0533(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Respondent-Appellant State of Hawai'i (**State**) appeals from the Circuit Court of the Second Circuit's (**circuit court**) "Findings of Fact, Conclusions of Law and Order Granting Supplemental Ground to Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner[-Appellee] from Custody" (**FOF/COL/Order**), filed on June 14, 2016.[1]

In the FOF/COL/Order, the circuit court ruled that in the criminal proceedings in Cr. No. 07-1-0533(2), which resulted in Petitioner Chris Grindling's (**Grindling**) conviction for Promoting a Dangerous Drug in the Third Degree and Unlawful Use of Drug Paraphernalia, the trial court had plainly erred under Rule 52(b) of the Hawai'i Rules of Penal Procedure (**HRPP**) by failing to engage Grindling in a colloquy before accepting his stipulation to facts establishing an element of the offenses

---

[1] The Honorable Joseph E. Cardoza issued the FOF/COL/Order.

charged (**Stipulation Colloquy**).[2]  The circuit court held that this plain error by the trial court affected Grindling's substantial rights under State v. Murray, 116 Hawai'i 3, 169 P.3d 955 (2007).  The circuit court thus granted Grindling's "Supplemental Ground to Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (**Supplemental Ground**), which had been filed on March 9, 2016.  As a result, the circuit court vacated Grindling's conviction and judgment in Cr. No. 07-1-0533(2), and ordered a new trial.

The State asserts the circuit court erred by: (1) concluding that Grindling did not waive his claims alleging violation of his due process rights, plain error, and ineffective assistance of trial and appellate counsel; (2) concluding that Grindling was denied his right to effective assistance of counsel; and (3) "determin[ing] that Grindling was entitled to re-litigate previously ruled upon claims under the guise of a non-colorable actual innocence claim."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[2]  With regard to the Stipulation Colloquy, the circuit court made the following findings, which have not been challenged on appeal and are thus binding on this court:

> 14.  Petitioner's trial in Cr. No. 07-1-0533(2) was held in 2008;
>
> 15.  At Petitioner's trial, the State of Hawaii and Petitioner's trial counsel agreed to stipulate to facts establishing the integrity of the chain of custody of a pipe with residue and four packets of purported methamphetamine recovered by police and the results of chemical testing of the residue and contents of the packets recovered which found the presence of methamphetamine in the residue and the contents of the packets;
>
> 16.  Before accepting the stipulation of facts and presenting said stipulation to the jury, the trial court did not conduct an on the record colloquy with Petitioner to establish that Petitioner was aware of his fundamental right to require the prosecution to prove each element of the offense charged beyond a reasonable doubt and that by entering into the proffered stipulation of fact Petitioner was waiving his said fundamental right;
>
> 17.  The stipulation entered into by the State of Hawaii and Petitioner's counsel established proof of an element to the offenses charged, i.e. the presence of methamphetamine[.]

the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the State's points of error as follows and vacate and remand.

First, under the particular circumstances of this case, the circuit court did not err in ruling that Grindling did not waive his claims for ineffective assistance of trial and appellate counsel related to the issue of the Stipulation Colloquy. Grindling has had numerous counsel appointed to represent him and who have withdrawn from representing him, both in his direct appeal and related to this HRPP Rule 40 proceeding. In its Finding of Fact (**FOF**) 21, the circuit court found that "[a]lthough [Grindling] has proceeded <u>pro se</u> at times, he has consistently requested the assistance of counsel[,]" and this finding is not challenged on appeal. The issue of the Stipulation Colloquy was raised by Grindling's current counsel as the Supplemental Ground to Grindling's HRPP Rule 40 Petition. Given the circumstances, we will address the merits of the Supplemental Ground.

We conclude that the circuit court's application of a plain error standard of review to Grindling's collateral attack on his convictions was improper. In Conclusions of Law (**COL**) 3, the circuit court concluded that the trial court's omission "was plain error, pursuant to Rule 52(b), [HRPP], which affected [Grindling's] substantial rights as set forth in [<u>Murray</u>][.]" However, we hold that the circuit court erred in applying a plain error standard of review, rather than the standard for ineffective assistance of trial and appellate counsel. <u>See</u> <u>e.g.</u>, <u>United States v. Frady</u>, 456 U.S. 152, 164-66 (1982) (holding that a lower court erred in applying a plain error standard in addressing a convicted defendant's petition for collateral relief and stating "[w]e reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

For claims of ineffective assistance of trial counsel, the following standard applies:

> General claims of ineffectiveness are insufficient to establish that the assistance a defendant received was constitutionally ineffective. [<u>Dan v. State</u>, 76 Hawai'i

423, 427, 879 P.2d 528, 532 (1994)] (quoting Briones v.
State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)).
Rather, a defendant must show: (1) specific errors or
omissions of defense counsel reflecting counsel's lack of
skill, judgment, or diligence; and that (2) those errors or
omissions resulted in the withdrawal or substantial
impairment of a potentially meritorious defense. [State v.
Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980)]
(internal citations omitted).

Maddox v. State, 141 Hawai'i 196, 202, 407 P.3d 152, 158 (2017)
(internal brackets and quotation marks omitted).

For claims of ineffective assistance of appellate
counsel, a petitioner must establish "that (1) his appellate
counsel omitted an appealable issue, and (2) in light of the
entire record, the status of the law, and the space and time
limitations inherent in the appellate process, a reasonably
competent attorney would not have omitted that issue." Garringer
v. State, 80 Hawai'i 327, 336, 909 P.2d 1142, 1151 (1996)
(quoting Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780
(1994)). An "appealable issue" is "an error or omission by
counsel, judge, or jury resulting in the withdrawal or
substantial impairment of a potentially meritorious defense."
Dan v. State, 76 Hawai'i 423, 432-33, 879 P.2d 528, 537-38 (1994)
(quoting Briones, 74 Haw. at 465-66, 848 P.2d at 977).

In his criminal trial, at the time when he contends the
trial court failed to provide the Stipulation Colloquy, Grindling
was represented by Steven Songstad (**Songstad**). Later, in
Grindling's direct appeal from his conviction, he was initially
represented by Cynthia Kagiwada (**Kagiwada**). Kagiwada filed an
Opening Brief on Grindling's behalf. Grindling then filed a pro
se Supplemental Opening Brief in his direct appeal, which this
court allowed to be filed by way of an order issued on August 14,
2009.

HRPP Rule 40(f) provides, "[w]here the petition alleges
the ineffective assistance of counsel as a ground upon which the
requested relief should be granted, the petitioner shall serve
written notice of the hearing upon the counsel whose assistance
is alleged to have been ineffective and said counsel shall have
an opportunity to be heard." Based on the record in this case,
it does not appear that Songstad or Kagiwada had an opportunity

4

to address Grindling's claim of ineffective assistance of counsel related to the Stipulation Colloquy at the hearing on the Supplemental Ground.[3]  On remand, the circuit court must allow Songstad and Kagiwada an opportunity to address Grindling's claim of ineffective assistance of counsel regarding the Stipulation Colloquy, and the circuit court must also apply the applicable standard for ineffective assistance of trial and appellate counsel, instead of the plain error standard.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Granting Supplemental Ground to Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody," entered on June 14, 2016, by the Circuit Court of the Second Circuit, is vacated.  This case is remanded to the circuit court for further proceedings consistent with this decision.

DATED:  Honolulu, Hawai'i, April 5, 2018.

On the briefs:

Peter A. Hanano,
Deputy Prosecuting Attorney,
for Respondent-Appellant.

Keith S. Shigetomi,
for Petitioner-Appellee

Presiding Judge

Lawrence M Reill
Associate Judge

Associate Judge

---

[3]  The record indicates that Kagiwada was served with the March 9, 2016 Supplemental Ground, but Songstad was not served.  Further, the transcript for the May 11, 2016 hearing on the Supplemental Ground reflects that there was argument presented by the State and Grindling's current counsel, but no argument or evidence provided on behalf of Kagiwada or Songstad.